Hat, Judge,
delivered the opinion of the court:
This is a petition brought by the Omnia Commercial Company against the United States to recover the sum of $990,000. To this petition of the plaintiff the defendant has demurred.
The petition alleges that the plaintiff entered into an agreement in writing dated June 15, 1917, with the Allegheny Steel Company, by the terms of which the Allegheny Steel Company was to deliver to the plaintiff a certain number of tons of ship plates and tank plates during the year 1918, for which the plaintiff was to pay in property and money. The petition further alleges that the plaintiff, relying upon its contract with the Allegheny Steel Company, agreed to sell certain amounts of said plates to the Yulcan Steel Products Company so as to produce a profit to the plaintiff. The petition further alleges that the United States Government in the month of October, 1917, and before any deliveries had been made to the plaintiff by the Allegheny Steel Company, notified the. Allegheny Steel Compay that it required for public use the steel-plate production capacity of the said Allegheny Steel Company for the year 1918, and demanded that the Allegheny Steel Company refuse to comply with its contract with the plaintiff; and that by reason of this action of the United States the Allegheny Steel Company was prevented from complying with its contract with the plaintiff, and did not comply with the same; and that the United States by such action took for public use the property of the plaintiff in its contract with the Allegheny Steel Company, and has made no compensation to the plaintiff, as the defendant must do under the provision of Article Five of the Constitution of the United States. The petition further alleges that the total -loss to the plaintiff was the sum of $990,000, which is the consideration paid to the Allegheny Steel Company by the transfer of machinery and equipment to that company.
The plaintiff is proceeding against the United States to recover the value of property which it claims was taken by the United States from it for public use without just compensation. And it bases its claim upon the provision of Article Five of the Constitution. If the United States did take the property of the plaintiff for public use, the plaintiff *394 is entitled to just compensation therefor. The question at once arises, What property of the plaintiff did the United States take? According to the allegations of the petition the United States took the property of the Allegheny Steel Corporation; they took from the plaintiff no tangible property. There was no privity between the plaintiff and the United States. The plaintiff had a contract with the Allegheny Steel Company for the future delivery of its product to the plaintiff. The fact that the United States in the progress of its prosecution of the war in which it was then engaged took the products of the Allegheny Company, and thereby prevented its fulfilling its contract with the plaintiff, does not give tl* plaintiff any claim against the Government.
When the plaintiff entered into the contract with the Allegheny Steel Company it knew, or ought to have known, that the products of that company were liable to be taken by the United States. But be that as it may, there is no warrant for the assertion of a claim by the plaintiff against the United States in the allegations of its petition. The property claimed to be taken is a contract for the future delivery of materials to which the United States is not a party. .Such a claim is intangible, illusive, without substance, and is not such property as is contemplated in Article Five of the Constitution.
The petition alleges that the plaintiff presented its claim to the Secretary of War under the provisions of section 1 of the act of March 2, 1919, 40 Stat., 1273, and that such claim was rejected by said official. There is no contract, expi*ess, implied, or informal, between the plaintiff and the United-States; and that being so, the plaintiff is not entitled to recover under the provisions of the act aforesaid.
The demurrer of the defendant is sustained, and the petition of the plaintiff is dismissed.
Graham, Judge; DowNey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.